IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MEGHAN McNAMARA,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CAUSE NO. 1:21-cv-00140-LY |
| YOUR FARE, INC., and<br>CHRISTOPHER MONK,<br>    Defendants. | §<br>§<br>§<br>§ | |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
### AND REQUEST FOR SANCTIONS

Plaintiff files this Motion to Compel Discovery Responses and Request for Sanctions, as follows:

### INTRODUCTION

Plaintiff is forced to bring this Motion to Compel pursuant to Federal Rule of Civil Procedure 37(a)(3)(A) and (B) because Defendants: a) failed to serve any Initial Disclosures as required by Federal Rule of Civil Procedure 26(a), and b) failed to serve any responses or objections to Plaintiff's properly served First Interrogatories to Defendants, First Requests for Admissions to Defendant YourFare, and First Requests for Production of Documents to Defendants. Further, because Defendant YourFare failed to timely serve answers or objections to Plaintiff's First Requests for Admissions, the matters in the Requests are deemed admitted as a matter law. In addition, Defendants' objections to Plaintiff's First Interrogatories to Defendants and First Requests for Production of Documents to Defendants are waived because they were not timely raised. Finally, pursuant to Federal Rules of Civil Procedure 37(b)(2)(c) and 37(d)(3),

Plaintiff seeks payment of her reasonable expenses, including attorneys' fees, caused by Defendants' failure to serve disclosures and respond to Plaintiff's discovery requests.

## FACTUAL BACKGROUND

On May 11, 2021, the undersigned counsel for Plaintiff, Edward M. "Ted" Smith, and counsel for Defendants, John E. Duke, conducted a Rule 26(f) conference in which the parties agreed to serve their Rule 26(a)(1) initial disclosures on or before June 15, 2021.  See **Exh. 1**, Declaration of Edward M. "Ted" Smith, at ¶6 ("Smith Declaration"); **Attch. 1-A**, Proposed Discovery Plan and Fed. R. Civ.P. 26(f) Report.

On June 15, 2021, Plaintiff served her initial disclosures on Defendants in accordance with the parties' agreement and the Federal Rules, along with Plaintiff's First Interrogatories to Defendants, Plaintiff's First Request for Production of Documents to Defendants, and Plaintiff's First Requests for Admissions to Defendant YourFare, Inc.  Smith Declaration, at ¶7; **Attch 1-B**.

On June 18, 2021, Mr. Smith sent an email to Mr. Duke asking that he confirm receipt of the June 15 email containing Plaintiff's Initial Disclosures and discovery requests.  Smith Declaration, at ¶8; **Attch 1-C**.  The email further stated that Plaintiff had not yet received Defendants' Initial Disclosures, which the parties agreed were due on June 15.  *Id*.

On June 21, 2021, Mr. Duke left a voicemail message for Mr. Smith stating that he was out of state due to the unexpected death of his brother-in-law, and that he would send the disclosures when he returned.  Smith Declaration, at ¶9.  Mr. Smith sent an email to Mr. Duke that same morning conveying his sincere condolences and stating that he would "keep an eye out for your Disclosures when you are able to send them."  *Id*.; **Attch 1-D.**

On July 14, 2021 – the day before Defendants' responses to Plaintiff's discovery requests were due – Mr. Duke sent Mr. Smith an email requesting a two-week extension (until July 29) for

Defendants to serve responses to Plaintiff's Interrogatories, Requests for Admission, and Requests for Production. Smith Declaration, at ¶10; **Attch 1-E.** Mr. Smith responded by email that same day agreeing to the request for the two-week extension, and also stating "I don't believe that I have received your Initial Disclosures yet, which were due on June 15. Will you be sending those soon?" *Id.* Mr. Duke responded to this email, stating "I'll have our initial disclosures to you early next week." *Id.*

On August 3, 2021, Mr. Smith sent a letter to Mr. Duke stating that because Defendant YourFare failed to serve Plaintiff with any responses or objections to Plaintiff's discovery requests by July 29, 2021, the Requests for Admissions were deemed admitted, and Defendants had waived all objections to Plaintiff's Interrogatory Requests and Requests for Production of Documents. Smith Declaration, at ¶11; **Attch 1-F.** The letter further stated that Defendants had also not served their Initial Disclosures, which were nearly two months past due at that time. *Id*. Finally, Mr. Smith stated that if Plaintiff did not receive Defendants' responses to Plaintiff's First Interrogatories and First Requests for Production of Documents (without any objections thereto) within seven (7) days, Plaintiff would be required to file a Motion to Compel such responses with the Court and seek all appropriate attorneys' fees and sanctions. *Id*.

Receiving no response from Mr. Duke, on August 13, 2021, Mr. Smith tried to call Mr. Duke and then sent him another email stating:

> I just left you a voicemail message as I received no response to the attached letter that I sent you on August 3, nor have I received your overdue discovery responses or Initial Disclosures.
>
> I would like to try and talk with you directly regarding these important matters before I am forced to file a Motion to Compel and for Sanctions with the Court.
>
> Please call me ASAP.

Smith Declaration, at ¶12; **Attch 1-G.**

On August 16, 2021, Mr. Duke responded stating that he had been on vacation for the past two weeks, and suggested a telephone call for the next day. Smith Declaration, at ¶13; **Attch 1-G**.

On August 17, 2021, Mr. Smith and Mr. Duke conducted a telephone conference in which Mr. Duke stated that he had been in Alaska on vacation, and that he believed his paralegal was going to send the discovery responses. Smith Declaration, at ¶14. Mr. Smith reiterated that Plaintiff had not received any responses to her discovery requests, nor has she received Defendants' required disclosures. *Id*. Mr. Smith further stated that if the responses to the discovery requests (without any objections) and disclosures were not received by Friday, August 20, 2021, then Plaintiff would move forward with filing a Motion to Compel and request sanctions. *Id*.

Amazingly, Defendants have still not served any responses to Plaintiff's discovery requests, nor have they served any disclosures. Smith Declaration, at ¶15. Accordingly, Plaintiff is forced to bring this Motion to Compel and seek appropriate sanctions, including an award of her reasonable expenses and attorneys' fees associated with bringing this Motion.

## LEGAL AUTHORITY

1. **Plaintiff's Requests for Admissions are Deemed Admitted as Matter of Law**

Pursuant to Fed.R.Civ.P. 36(a)(3), if the responding party to a Request for Admissions does not timely serve answers or objections to the Request, the matters in the Request are admitted as a matter of law. Fed.R.Civ.P. 36(a)(3). Further, the requesting party does not need to request that the Court deem the matters admitted; they are admitted automatically. *Id*. Because Defendant YourFare failed to timely serve answers or objections to Plaintiff's First Requests for Admissions, the requests are deemed admitted as a matter of law.

## 2. Defendants' Have Waived any Objections to Plaintiff's Discovery Requests and Should be Compelled to Serve Responses Without Objections

With regard to Plaintiff's Requests for Interrogatories and Production of Documents, it is well-settled that objections to such discovery requests may be waived if not timely raised. See, e.g., *Talley v. Spillar*, 2017 WL 9288622 (W.D.Tex. March 31, 2017), citing *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989). Under Rules 33(b) and 34(b) of the Federal Rules of Civil Procedure, a party must serve its answers and objections to interrogatories and requests for production within thirty days after being served with the requests, and untimely objections are waived unless the court, for good cause, excuses the failure. *Id*., at *3, citing Fed.R.Civ.P. 33(b)(4) and *Albiso v. Block*, 53 F3. 337 (9th Cir 1995); *Paralikas v. Mercedes Benz*, LLC, 2003 WL 111186 (E.D.N.Y. Jan. 9, 2008). As set forth by U.S. Magistrate Judge Mark Lane in *Talley*, Courts have held that Rule 34 (the Federal Rule governing production requests) "implicitly incorporates both the waiver and 'good cause' provisions of Rule 33(b)(4)." Id., at *4, citing *Doe v. District of Columbia*, 2005 WL 1787683 (D.D.C. 2005); *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999). Because Defendants failed to timely serve any documents, responses or objections to Plaintiff's First Interrogatories and First Requests for Production of Documents, Defendants have waived any objections to such Requests.

Moreover, because Defendants have failed to timely serve any responses to Plaintiff's discovery requests, Plaintiff requests that the Court order that Defendants be compelled to do so (without any objections thereto) within seven (7) days pursuant to FRCP 37(a)(3)(B).

## 3. The Court Should Compel Defendants to Serve Their Initial Disclosures in Accordance with FRCP 26(a)

Further, Defendants have also failed to serve their Initial Disclosures that were due on June 15, 2021 pursuant to the parties' Discovery Plan and Rule 26 Report. Initial disclosures ordinarily

must be made within 14 days after the FRCP 26(f) conference, unless (1) a different time is set by stipulation or court order, or (2) a party objects during the FRCP 26(f) conference, arguing that initial disclosures are not appropriate in the case, and states its objection in the proposed discovery plan. FRCP 26(a)(1)(C); *R&R Sails, Inc. v. Insurance Co. of the State of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012). Because the parties stipulated that initial disclosures were to be served on or before June 15, 2021, and because Defendants did not object to such disclosures during the FRCP 26(f) conference and in the proposed Discovery Plan filed in this case, Defendants' initial disclosures were due on or before June 15, 2021. Given that Defendants have failed to serve their disclosures as required by FRCP 26(a), Plaintiff requests that the Court order that Defendants be compelled to do so within seven (7) days pursuant to FRCP 37(a)(3)(A).

  **4.  The Court Should Issue Sanctions Against Defendants and Award Plaintiff her Reasonable Expenses and Attorneys' Fees in Bringing This Motion**

Pursuant to FRCP 37(d), if a party or its representative does not respond to discovery requests, the Court, on motion, may impose any just sanctions, including those authorized by FRCP 37(b)(2)(A)(i)-(vi), see *Siser N. Amer., Inc. v. Herika G. Inc.*, 325 FRD 200, 2010 (E.D. Mich. 2018). In addition to any sanction provided in FRCP 37(d), the Court **must** order the party, the attorney advising the party, or both to pay reasonable expenses, including attorneys' fees, caused by its failure to respond unless the failure was substantially justified or other circumstances make an award of expenses unjust. FRCP 37(d)(3); see *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 FRD 145, 148 (S.D.N.Y. 2014). The burden of showing substantial justification and special circumstances is on the party being sanctioned. *Id*.

Mr. Smith, as counsel of record for Plaintiff, has conservatively spent in excess of 5 billable hours as a result of Defendants' failure to respond to Plaintiff's properly served discovery requests. Mr. Smith's hourly billable rate is $450, which is reasonable and customary in the Western District

of Texas for an attorney who is Board Certified in Labor & Employment Law with more than 25 years of legal experience. Accordingly, Plaintiff has conservatively incurred in excess of $2,250 in attorneys' fees caused by Defendants' failure to respond to Plaintiff's properly served discovery requests, including, without limitation, Mr. Smith having to correspond and confer with counsel for Defendants on multiple occasions, and the drafting of this Motion. Accordingly, Plaintiff respectfully requests that the Court order Defendants and their counsel of record, jointly and severally, to pay Plaintiff attorneys' fees in the amount of **$2,250**, as required by FRCP 37(d)(3).

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court:

1. grant Plaintiff's Motion to Compel and Request for Sanctions in its entirety;
2. order Defendants to serve on Plaintiff the initial disclosures required by FRCP 26(a) within seven (7) days of the Court's Order;
3. order that Plaintiff's First Requests for Admissions to Defendant YourFare are deemed admitted;
4. order that any objections to Plaintiff's First Interrogatories to Defendants and First Requests for Production of Documents to Defendants are waived;
5. order Defendants to serve on Plaintiff their responses (without any objections thereto) to Plaintiff's First Interrogatories to Defendants and First Requests for Production of Documents to Defendants within seven (7) days of the Court's Order; and
6. order Defendants and their counsel of record, jointly and severally, to pay Plaintiff attorneys' fees in the amount of $2,250 within seven (7) days of the Court's Order.

Plaintiff also seeks such other and further relief, at law or equity, to which she may be justly entitled.

Respectfully submitted,

By: */s/ Edward M. "Ted" Smith*

Edward M. "Ted" Smith
State Bar No. 00791682
tsmith@cornellsmith.com
Sarah E. Lancaster
State Bar No. 24092663
slancaster@cornellsmith.com

**CORNELL SMITH MIERL
BRUTOCAO BURTON, LLP**
1607 West Avenue
Austin, Texas 78701
Telephone: (512) 328-1540
Telecopy: (512) 328-1541

**ATTORNEYS FOR PLAINTIFF
MEGHAN McNAMARA**

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 3, 2021 and August 17, 2021, I conferred, and attempted to confer, in a good faith effort with John E. Duke, counsel for Defendants, to obtain Defendants' disclosures and responses to Plaintiff's discovery requests without Court action.

By: */s/ Edward M. "Ted" Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2021, I caused to be electronically filed a true and correct copy of the foregoing using the ECF system, which will send notice of such filing to the following counsel of record:

    John E. Duke
    jduke@constangy.com
    **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
    8911 N. Capital of Texas Highway
    Bldg. 3, Suite 3350
    Austin, Texas 78759
    Tel: (512) 382-8797
    Fax: (512) 382-8801

    **ATTORNEY FOR DEFENDANTS**

    By: */s/ Edward M. "Ted" Smith*