**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MEGHAN McNAMARA,** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. 1:21-cv-00140-LY** |
| **YOUR FARE, INC., and** | § | |
| **CHRISTOPHER MONK,** | § | |
|     **Defendants.** | § | |

**DECLARATION OF EDWARD M. "TED" SMITH**

1.      I am a partner with the law firm of Cornell Smith Mierl Brutocao Burton, LLP.

2.      Along with Sarah E. Lancaster, I am counsel of record for Plaintiff Meghan McNamara in the above-captioned lawsuit.

3.      I have been licensed to practice law by the State of Texas since 1994, and I have actively practiced law at all times since 1994. I am Board Certified in the area of Labor & Employment law, and I have actively practiced as a Labor & Employment lawyer in Austin, Texas since 2000.

4.      My hourly billable rate is currently $450. Based upon my experience and knowledge of the hourly billable rates for attorneys in the Western District of Texas who are Board Certified in the area of Labor & Employment law, and who have similar years of legal practice experience as me, I believe that my hourly billable rate is reasonable in this legal community for similar services.

5.      As further set forth below, I have conservatively spent in excess of 5 billable hours as a result of Defendants' failure to respond to Plaintiff Meghan McNamara's discovery requests that serve as the basis for Plaintiff's Motion to Compel and Request for Sanctions. Accordingly, based on my hourly billable rate of $450, Ms. McNamara has conservatively incurred in excess of $2,250 in attorneys' fees caused by Defendants' failure to respond to Plaintiff's properly served discovery requests, including, without limitation, me having to correspond and confer with counsel for Defendants on multiple occasions, and the drafting of Plaintiff's Motion to Compel and Request for Sanctions.

6.      On May 11, 2021, counsel for Defendants, John E. Duke, and I conducted a Rule 26(f) conference in which the parties agreed to serve their Rule 26(a)(1) initial disclosures on or before June 15, 2021. A true and correct copy of the parties' Proposed Discovery Plan and Fed. R. Civ. P. 26(f) Report is attached to this Declaration at <u>Attachment A</u>.

EXHIBIT 1

7.      On June 15, 2021, Plaintiff served her initial disclosures on Defendants in accordance with the parties' agreement and the Federal Rules, along with Plaintiff's First Interrogatories to Defendants, Plaintiff's First Requests for Production of Documents to Defendants, and Plaintiff's First Requests for Admissions to Defendant YourFare, Inc. A true and correct copy of the June 15, 2021 email and attachments are attached to this Declaration at Attachment B.

8.      On June 18, 2021, I sent an email to Mr. Duke asking that he confirm receipt of the June 15 email containing Plaintiff's Initial Disclosures and discovery requests. The email further stated that Plaintiff had not yet received Defendants' Initial Disclosures, which the parties agreed were due on June 15. A true and correct copy of the June 18, 2021 email is attached to this Declaration at Attachment C.

9.      On June 21, 2021, Mr. Duke left a voicemail message for me stating that he was out of state due to the unexpected death of his brother-in-law, and that he would send the disclosures when he returned. I then sent an email to Mr. Duke that same morning conveying my sincere condolences and stating that I would "keep an eye out for your Disclosures when you are able to send them." A true and correct copy of the June 21, 2021 email is attached to this Declaration at Attachment D.

10.     On July 14, 2021 – the day before Defendants' responses to Plaintiff's discovery requests were due – Mr. Duke sent me an email requesting a two-week extension (until July 29) for Defendants to serve responses to Plaintiff's Interrogatories, Requests for Admission, and Requests for Production. I responded by email that same day agreeing to the request for the two-week extension, and also stating "I don't believe that I have received your Initial Disclosures yet, which were due on June 15. Will you be sending those soon?" Mr. Duke responded to this email, stating "I'll have our initial disclosures to you early next week." A true and correct copy of the July 14, 2021 email is attached to this Declaration at Attachment E.

11.     On August 3, 2021, I sent a letter to Mr. Duke stating that because Defendants failed to serve Plaintiff with any responses or objections to Plaintiff's discovery requests by July 29, 2021, the Requests for Admissions were deemed admitted, and Defendants had waived all objections to Plaintiff's Interrogatory Requests and Requests for Production of Documents. My letter further stated that Defendants had also not served their Initial Disclosures, which were nearly two months past due at that time. Finally, I stated that if Plaintiff did not receive Defendants' responses to Plaintiff's First Interrogatories and First Requests for Production of Documents (without any objections thereto) within seven (7) days, Plaintiff would be required to file a Motion to Compel such responses with the Court and seek all appropriate attorneys' fees and sanctions. A true and correct copy of the August 3, 2021 letter is attached to this Declaration at Attachment F.

12.     Receiving no response from Mr. Duke, on August 13, 2021, I tried to call Mr. Duke and then sent him another email stating:

> I just left you a voicemail message as I received no response to the attached letter that I sent you on August 3, nor have I received your overdue discovery responses or Initial Disclosures.

Declaration of Edward M. "Ted" Smith                                                    2

EXHIBIT 1

I would like to try and talk with you directly regarding these important matters
before I am forced to file a Motion to Compel and for Sanctions with the Court.

Please call me ASAP.

A true and correct copy of the August 16, 2021 email is attached to this Declaration at
Attachment G.

13.     On August 16, 2021, Mr. Duke responded stating that he had been on vacation for
the past two weeks, and suggested a telephone call for the next day.  See Attachment G.

14.     On August 17, 2021, Mr. Duke and I conducted a telephone conference in which
Mr. Duke stated that he had been in Alaska on vacation, and that he believed his paralegal was
going to send the discovery responses.  I reiterated that Plaintiff had not received any responses to
her discovery requests, nor has she received Defendants' required disclosures.  I further stated that
if the responses to the discovery requests (without any objections) and disclosures were not
received by Friday, August 20, 2021, then Plaintiff would move forward with filing a Motion to
Compel and request sanctions.

15.     As of the date of this declaration, Defendants have still not served any responses to
Plaintiff's discovery requests, nor have they served any disclosures.

My full name is Edward M. "Ted" Smith, my date of birth is December 19, 1968, and my
work address is 1607 West Avenue, Austin, Texas 78701.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Travis
County, State of Texas, on the 23rd day of August, 2021.

Signed:

_____
EDWARD M. "TED" SMITH

EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **MEGHAN McNAMARA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. 1:21-cv-00140-LY** |
| **YOUR FARE, INC., and** | § | |
| **CHRISTOPHER MONK,** | § | |
| **Defendants.** | § | |

## PROPOSED DISCOVERY PLAN AND FED. R. CIV. P. 26(f) REPORT

Plaintiff and Defendants hereby submit the following Proposed Discovery Plan pursuant to Federal Rule of Civil Procedure 26(f).

1.      The Parties conducted their Rule 26(f) conference on May 11, 2021 and conferred on the matters outlined in Rule 26(f).  Plaintiff was represented by Edward M. "Ted" Smith and Defendants were represented by John E. Duke.

2.      The Parties agreed to make their Rule 26(a)(1) initial disclosures on or before June 15, 2021.

3.      The Parties do not believe that discovery needs to be conducted in phases.  The Parties anticipate that discovery will need to be conducted on the factual issues raised in Plaintiff's Complaint and any defenses Defendants may have thereto.

4.      The Parties agree that each should be entitled to seek electronic or computer-based documents and information, including but not limited to, electronic information referencing or constituting communications.

   a.   If information responsive to discovery requests exists in electronic form, the Parties should produce such information in compliance with Fed. R. Civ. P. 34.

b. Electronically stored information should be preserved in native format and produced in portable document format. The Parties reserve the right to request that electronically stored information be produced in its native format, including any meta-data or embedded data. The Parties also reserve the right to lodge appropriate objections under the Federal Rules of Civil Procedure related to production of electronically stored information in native format.

5. Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the Parties hereby consent to service of papers by electronic mail ("e-mail") in this action.

6. The Parties currently do not request any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure.

7. The Parties currently do not request any other orders to be entered by the Court pursuant to Fed. R. Civ. P. 26(c) or 16(b) or (c), but retain the right to seek a Protective Order regarding confidential information, should such confidential information be sought in discovery.

8. The Parties assert that other discovery in this case should be completed pursuant to the Federal Rules of Civil Procedure and the Scheduling Order to be signed and entered by the Court in this matter. A proposed Scheduling Order is attached.

Respectfully submitted,


By: */s/ Edward M. ("Ted") Smith*

Edward M. "Ted" Smith
State Bar No. 00791682
tsmith@cornellsmith.com
Sarah E. Lancaster
State Bar No. 24092663
slancaster@cornellsmith.com

**CORNELL SMITH MIERL
BRUTOCAO BURTON, LLP**
1607 West Avenue
Austin, Texas 78701
Telephone:  (512) 328-1540
Telecopy:   (512) 328-1541

**ATTORNEYS FOR PLAINTIFF**


By: */s/ John E. Duke*

John E. Duke
Texas State Bar No. 24095764
jduke@constangy.com

**CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP**
8911 N. Capital of Texas Highway
Bldg. 3, Suite 3350
Austin, Texas 78759
Tel:  (512) 382-8797
Fax:  (512) 382-8801

**ATTORNEYS FOR DEFENDANTS**

**From:**          Ted Smith
**Sent:**          Tuesday, June 15, 2021 5:45 PM
**To:**            jduke@constangy.com
**Subject:**       McNamara v. Your Fare, Inc., et al
**Attachments:**   2021 06 15 P's 1st RFas to Ds.pdf; 2021 06 15 P's 1st RFPs to Ds.pdf; 2021 06 15 P's 1st
                   ROGS to Ds.pdf; 2021 06 15 P's Initial Disclosures.pdf


John:

Attached please find the following:

1. Plaintiff's Initial Disclosures
2. Plaintiff's First Requests for Admissions to Defendant Your Fare
3. Plaintiff's First Interrogatories to Defendants
4. Plaintiff's First Requests for Production of Documents to Defendants

Please confirm receipt and let me know if you have any difficulties downloading the attachments.

Thanks,

Ted

**Ted Smith**
Attorney


Labor and Employment Law



1607 West Avenue
Austin, Texas 78701
Main: 512.328.1540
Direct: 512.334.2246
cornellsmith.com

MAIL NOTICE - This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or otherwise (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **MEGHAN McNAMARA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. 1:21-cv-00140-LY** |
| **YOUR FARE, INC., and** | § | |
| **CHRISTOPHER MONK,** | § | |
| **Defendants.** | § | |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO
## DEFENDANT YOUR FARE, INC.

TO:  Defendants Your Fare, Inc. and Christopher Monk, by and through their attorneys of record, John E. Duke, CONSTANGY, BROOKS, SMITH & PROPHETE, LLP, 8911 N. Capital of Texas Highway, Bldg. 3, Suite 3350, Austin, Texas 78759, jduke@constangy.com

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff Meghan McNamara ("Plaintiff" or "Ms. McNamara"), requests that Defendant Your Fare, Inc. ("Defendant" or "Your Fare") admit or specifically deny each request below, or state in detail why Defendant cannot truthfully admit or deny it, in writing, within thirty (30) days after service of this request for admissions.

ATTACHMENT 1-B to EXHIBIT 1

Respectfully submitted,

By: */s/ Edward M. "Ted" Smith* _____

Edward M. "Ted" Smith
State Bar No. 00791682
tsmith@cornellsmith.com
Sarah E. Lancaster
State Bar No. 24092663
slancaster@cornellsmith.com

**CORNELL SMITH MIERL
BRUTOCAO BURTON, LLP**
1607 West Avenue
Austin, Texas 78701
Telephone: (512) 328-1540
Telecopy: (512) 328-1541

**ATTORNEYS FOR PLAINTIFF
MEGHAN McNAMARA**

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2021, I served the following counsel of record a true and

correct copy of the foregoing via electronic mail:

John E. Duke
jduke@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
8911 N. Capital of Texas Highway
Bldg. 3, Suite 3350
Austin, Texas 78759
Tel: (512) 382-8797
Fax: (512) 382-8801

**ATTORNEY FOR DEFENDANTS**

By: */s/ Edward M. "Ted" Smith* _____

Plaintiff's First RFAs                                        Page **2** of **5**

## AMBIGUITIES

If you allege that any request for discovery contained herein is, in any manner, ambiguous, you are instructed to describe in detail the reasons for your allegations that the request is ambiguous including, but not limited to, each interpretation to which you allege the specific request for discovery is subject. Further, you are instructed to respond, to the best of your ability, to Plaintiff's discovery request(s) as to each interpretation which you allege may be given to the discovery request in question.

## OBJECTIONS

If you object to any of the discovery requests contained herein, you are instructed to identify, with specificity, the procedural rule(s) or substantive law(s) upon which you base your objection, and the extent to which you withheld production of documents, if any, upon the basis of any given objection. If, for reasons other than a claim of privilege or objection, you refuse to produce any documents described herein, please state the grounds upon which refusal is based, and the nature of the documents not produced, with sufficient specificity to permit a determination of the propriety of such refusal.

## DEFINITIONS

The full text of the definitions and rules of construction set forth in this section is deemed incorporated by reference into all discovery requests, but shall not preclude (i) the definition of other terms specific to the particular litigation, (ii) the use of abbreviations, or (iii) a more narrow definition of a term defined in this section. This Rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure. The following definitions apply to all discovery requests:

a.     The terms "Plaintiff" and "Ms. McNamara" shall refer to Ms. Meghan McNamara, the Plaintiff in this lawsuit.

b.     The term "Your Fare" refers to Your Fare, Inc., Defendant in this lawsuit, and includes any of the former or present representatives, agents, employees, attorneys, accountants, counsel, consultants, and any other person acting or purporting to act on its behalf.

c.     The term "Monk" refers to Christopher Monk, Defendant in this lawsuit, and includes any of the former or present representatives, agents, employees, attorneys, accountants, counsel, consultants, and any other person acting or purporting to act on his behalf.

d.     The term "Defendants," "you," and "your" refer to Your Fare, Inc. and Christopher Monk, Defendants in this lawsuit, and include any of the former or present representatives, agents, employees, attorneys, accountants, counsel, consultants, and any other person acting or purporting to act on their behalf.

e.     <u>Person</u>. The term "person(s)" is defined as any natural person, business, legal or governmental entity, company or association.

      f.    <u>Concerning</u>.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

      g.    The terms "relating," "regarding," and "reflecting" shall mean constituting, reflecting, respecting, supporting, contradicting, concerning, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating or relevant to, and/or having any logical or factual connection with the subject matter of the request or inquiry.

      h.    "Complaint" or "lawsuit" refers to the Original Complaint/Lawsuit styled *Meghan McNamara, et al*, filed in the United States District Court for the Western District of Texas, Cause No. 1:21-CV-00140-LY, all claims and statements therein, and any amendments or supplements thereto.

      i.    "He," "his," "she," and "her" refer to both males and females, singular and plural.

      j.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

      k.    The relevant time period for each request shall be from the date Plaintiff first provided any services to Your Fare to the present, unless otherwise stated.

**ATTACHMENT 1-B to EXHIBIT 1**

## <u>REQUESTS FOR ADMISSION</u>

1. Admit that Plaintiff Meghan McNamara was a co-founder of Defendant Your Fare, Inc. ADMIT/DENY

2. Admit that at all times in which Cory Elich was employed by Defendant Your Fare, Inc., he was paid a higher salary by Defendant Your Fare, Inc. than was paid to Plaintiff Meghan McNamara by Defendant Your Fare, Inc.  ADMIT/DENY

3. Admit that Cory Elich is male.  ADMIT/DENY

4. Admit that at all times in which Corey Brooks was employed by Defendant Your Fare, Inc., he was paid a higher salary by Defendant Your Fare, Inc. than was paid to Plaintiff Meghan McNamara by Defendant Your Fare, Inc.  ADMIT/DENY

5. Admit that Corey Brooks is male.  ADMIT/DENY

6. Admit that Christopher Monk was granted or issued more stock options of Defendant Your Fare, Inc. than was granted or issued to Plaintiff Meghan McNamara by Defendant Your Fare, Inc.  ADMIT/DENY

7. Admit that Christopher Monk was granted or issued more stock shares of Defendant Your Fare, Inc. than was granted or issued to Plaintiff Meghan McNamara by Defendant Your Fare, Inc.  ADMIT/DENY

8. Admit that Christopher Monk is male.  ADMIT/DENY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **MEGHAN McNAMARA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. 1:21-cv-00140-LY** |
| **YOUR FARE, INC., and** | § | |
| **CHRISTOPHER MONK,** | § | |
| **Defendants.** | § | |
| | § | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO
## DEFENDANTS YOUR FARE, INC. AND CHRISTOPHER MONK

TO:    Defendants Your Fare, Inc. and Christopher Monk, by and through their attorneys of record, John E. Duke, CONSTANGY, BROOKS, SMITH & PROPHETE, LLP, 8911 N. Capital of Texas Highway, Bldg. 3, Suite 3350, Austin, Texas 78759, jduke@constangy.com

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Meghan McNamara ("Plaintiff" or "Ms. McNamara"), requests that Defendants Your Fare, Inc. ("Your Fare") and Christopher Monk ("Monk") (collectively referred to herein as "Defendants") produce the documents described below within thirty (30) days after service of this request for production, by delivering to counsel for Plaintiff either the originals or certified as authentic copies of the requested documents.

ATTACHMENT 1-B to EXHIBIT 1

Respectfully submitted,

By: */s/ Edward M. "Ted" Smith*

Edward M. "Ted" Smith
State Bar No. 00791682
tsmith@cornellsmith.com
Sarah E. Lancaster
State Bar No. 24092663
slancaster@cornellsmith.com

**CORNELL SMITH MIERL
BRUTOCAO BURTON, LLP**
1607 West Avenue
Austin, Texas 78701
Telephone: (512) 328-1540
Telecopy: (512) 328-1541

**ATTORNEYS FOR PLAINTIFF
MEGHAN McNAMARA**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 15, 2021, I served the following counsel of record a true and

correct copy of the foregoing via electronic mail:

John E. Duke
jduke@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
8911 N. Capital of Texas Highway
Bldg. 3, Suite 3350
Austin, Texas 78759
Tel: (512) 382-8797
Fax: (512) 382-8801

**ATTORNEY FOR DEFENDANTS**

By: */s/ Edward M. "Ted" Smith*

## INSTRUCTIONS

1.     All documents and things described herein which are in the possession, custody, or control of Defendants, and Defendants' agents or representatives, shall be produced as herein directed. This request extends not only to documents in the possession, custody or control of Defendants, or Defendants' agents or representatives, but also to any described document or thing which is in the possession or custody of someone else, but which are subject to the control of Defendants or Defendants' agents or representatives.

2.     Every document for which production is sought shall be produced in and with the original file folder and other movable documents container, (*e.g.*, envelope, file cabinet marker) in which such document was located when this document request was served.

3.     Documents responsive to this document request shall be produced in the condition and order of arrangement in which they existed when this document request was served and shall not be shuffled or otherwise rearranged when produced.  Copies of documents supplied in response to this request must be fully legible and complete, with no portions deleted during copying.

4.     Documents attached to other documents or materials shall not be separated.

5.     This document request is continuing in nature and your responses and document production should be supplemented as required by the Federal Rules of Civil Procedure.

## TIME AND PLACE OF PRODUCTION

All items requested herein shall be produced on or before thirty (30) days after date of service of this Request, at the office of counsel for Plaintiff, Cornell Smith Mierl Brutocao Burton, L.L.P., 1607 West Avenue, Austin, Texas 78701, for the purpose of inspecting and copying said items.  Documents previously produced to Plaintiff in response to any prior request for production need not be reproduced.

## PRIVILEGE

If any document covered by this Request is withheld by reason of a claim of privilege, a written list is requested to be furnished at the time of Defendants' production of documents, identifying (*e.g.*, letter, email, memorandum, chart, photograph, report, etc.) each such document for which the privilege is claimed, together with the following information, to the extent such information is known or readily available to Defendants and/or Defendants' attorneys: the date of such document; its author(s) and their position and present location; the identity, location, and title of each person who Defendants or Defendants' attorneys have any reason to believe was sent a copy of the privileged document or has otherwise had access to and/or viewed it; the paragraph of this Request to which the document relates; and, if the document relates in any way to a meeting or other conversation or communication, the identity of all participants in and witnesses to the meeting, etc.  Finally, state the basis for the privilege and the exact privilege(s) claimed by Defendants.

ATTACHMENT 1-B to EXHIBIT 1

## EXEMPTIONS

If you maintain that any exemption(s) or privileges exist pursuant to applicable Federal Rules of Civil Procedure, the Federal Rules of Evidence, or otherwise, you are instructed to fully and completely identify the specific exemption which you claim exists as to the Plaintiff's request for discovery.

## AMBIGUITIES

If you allege that any request for discovery contained herein is, in any manner, ambiguous, you are instructed to describe in detail the reasons for your allegations that the request is ambiguous including, but not limited to, each interpretation to which you allege the specific request for discovery is subject. Further, you are instructed to respond, to the best of your ability, to Plaintiff's discovery request(s) as to each interpretation which you allege may be given to the discovery request in question.

## OBJECTIONS

If you object to any of the discovery requests contained herein, you are instructed to identify, with specificity, the procedural rule(s) or substantive law(s) upon which you base your objection, and the extent to which you withheld production of documents, if any, upon the basis of any given objection. If, for reasons other than a claim of privilege or objection, you refuse to produce any documents described herein, please state the grounds upon which refusal is based, and the nature of the documents not produced, with sufficient specificity to permit a determination of the propriety of such refusal.

## DEFINITIONS

The full text of the definitions and rules of construction set forth in this section is deemed incorporated by reference into all discovery requests, but shall not preclude (i) the definition of other terms specific to the particular litigation, (ii) the use of abbreviations, or (iii) a more narrow definition of a term defined in this section. This Rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure. The following definitions apply to all discovery requests:

a.     The terms "Plaintiff" and "Ms. McNamara" shall refer to Ms. Meghan McNamara, the Plaintiff in this lawsuit.

b.     The term "Your Fare" refers to Your Fare, Inc., Defendant in this lawsuit, and includes any of the former or present representatives, agents, employees, attorneys, accountants, counsel, consultants, and any other person acting or purporting to act on its behalf.

c.     The term "Monk" refers to Christopher Monk, Defendant in this lawsuit, and includes any of the former or present representatives, agents, employees, attorneys, accountants, counsel, consultants, and any other person acting or purporting to act on his behalf.

d.      The term "Defendants," "you," and "your" refer to Your Fare, Inc. and Christopher Monk, Defendants in this lawsuit, and include any of the former or present representatives, agents, employees, attorneys, accountants, counsel, consultants, and any other person acting or purporting to act on their behalf.

e.      <u>Communication</u>.  The term "communication" means any transmittal of information in the form of facts, ideas, thoughts, opinions, inquiries or otherwise, by speech, writing or signs. This includes any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including by telephone, facsimile, e-mail, text message, or other medium.

f.      <u>Document</u>.  The terms "document" or "documentary evidence" as used herein include any and all written, recorded, graphic or visual material, or other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable forms, or any other material of any nature whatsoever, originated or created by Defendants or by any other person, corporation or business, including, but not limited to, Plaintiff, including, without limitation, all originals and prior drafts as well as all non-identical drafts or copies within the knowledge, possession, custody or control of the Defendants, Defendants' attorneys, Defendants' immediate family, present or previous agents, employers or employees, friends or associates, or anyone else known to Defendants, regardless of where located, on personal or company-owned resources, and includes, but is not limited to: correspondence, letters, memoranda of telephone conversations, agreements, contracts, records, communications, reports, invoices, studies, summaries, minutes, notes, agenda, bulletins, diaries, calendars, calendar entries, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, text messages, direct messages, electronic mail ("e-mail") messages, photographic matter, sound or video reproductions or recordings, however recorded, whether they are still on tape or transcribed to writing, and any other writings or documents.  In all cases where originals and/or prior drafts and/or non-identical copies are not available, "document(s)" or "documentary evidence" also means a genuine, true and correct copy of originals and/or copies of prior drafts and/or copies of non-identical copies.   Documents stored electronically shall be produced in an acceptable electronic format as outlined below. Documents which were stored electronically but were deleted or are stored in a "Deleted Items Folder" or other similar repository shall be produced if such documents are still reasonably accessible on the electronic medium upon which they were stored prior to deletion.

g.      <u>Manner of Production</u>.  In responding to this request, you shall organize and label the documents requested hereby to correspond with the numbered requests to which they are responsive or produce them as they are kept in the usual course of business as required by the FEDERAL RULES OF CIVIL PROCEDURE.  All information or data existing in electronic or magnetic form should be produced in electronically bates-stamped, searchable PDF form or their native form, with the exception of files that do not convert in a useful or usable way to PDF form (for example, without limitation, Excel Files, PowerPoint Files, multi-media files, audio recordings, databases, html files, etc.), which shall be produced in their native form with all metadata intact. For all electronically produced materials, the manner of production should, to the extent possible, include the following metadata fields, as well as all other metadata fields associated with the file type but not listed below:

Plaintiff's First RFPs                                                                 Page **5** of **19**

1. Parent ID (if applicable)
2. Attachment ID (if applicable)
3. File Type (e.g., Word, Excel, email, etc.)
4. Last Modified Date (if collected from source system or custodian, rather than image)
5. Last Modified Time (if collected from source system or custodian, rather than image)
6. Sent Date (if applicable)
7. Sent Time (if applicable)
8. Document Author or From (if applicable)
9. To (if applicable)
10. CC (if applicable)
11. BCC (if applicable)
12. Subject Line (emails only)
13. Custodian or Source
14. Attachment Count (if applicable)
15. Native File Link (if applicable)
16. File Name (if applicable)
17. File path/folder (if applicable)
18. Received Date (if applicable)
19. Full text

Emails and their attachments shall be numbered sequentially, wherein the attachment bates number follows the parent email bates number. Redacted documents will contain the searchable endorsement "Redacted."

      h.    <u>Transferred Documents</u>. If any document herein was, but no longer is, within the respondent's possession, custody or control, please state in detail: (a) a summary of the content of the document; (b) what disposition was made of it; (c) the date of such disposition; (d) whether the original or a copy thereof is within the possession, custody or control of any other person, corporation or entity; and (e) if the answer to (d) is affirmative, then identify that entity.

      i.    <u>Destroyed Documents</u>. In the event that any document referred to in or encompassed by this request has been destroyed and is unrecoverable after reasonable efforts to recover same, specify the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction and the custodian of the document at the time of its destruction.

      j.    <u>Nonexistence of Requested Documents</u>. In the event that no document exists which is responsive to a particular request, a written response indicating same shall be provided.

      k.    <u>Statement</u>. The term "statement" includes any written or graphic statement signed or otherwise adopted or approved by the person making it, any stenographic, mechanical, electrical, or other recording or transcription thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

l.    <u>Identify (With Respect to Documents)</u>.  When referring to documents, "to identify" means to give, to the extent known, the type of document; general subject matter; date of the document; name(s) of person(s) who wrote, signed, initiated, dictated, or otherwise participated in the creation of same, including the name(s) and addresses of all persons in possession, custody or control of said document or documents. If any such document was, but is no longer in your possession, custody, or control, or in existence, state the date and the manner of its disposition, as well as the identity of any person(s) authorizing its disposition.

m.    <u>Identify (With Respect to Privileged Documents)</u>.  When referring to a document that Plaintiff claims is privileged, and therefore refuses to identify, means to state: the type of document (*e.g.*, letter, memorandum, chart, photograph, report, etc.); the date of such document; its author(s) and their position and present location; the identity, location, and title of each person who Defendants or Defendants' attorneys have any reason to believe was sent a copy of the privileged document or has otherwise had access to and/or viewed it; the paragraph of this request to which the document relates; and, if the document relates in any way to a meeting or other conversation or communication, the identity of all participants in and witnesses to the meeting, etc. Finally, state the basis for the privilege and the exact privilege(s) claimed by Defendants.

n.    <u>Person</u>.  The term "person(s)" is defined as any natural person, business, legal or governmental entity, company or association.

o.    <u>Concerning</u>.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

p.    The terms "relating," "regarding," and "reflecting" shall mean constituting, reflecting, respecting, supporting, contradicting, concerning, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating or relevant to, and/or having any logical or factual connection with the subject matter of the request or inquiry.

q.    "Complaint" or "lawsuit" refers to the Original Complaint/Lawsuit styled *Meghan McNamara v. Your Fare, Inc., and Christopher Monk*, filed in the United States District Court for the Western District of Texas, Cause No. 1:21-CV-00140-LY, all claims and statements therein, and any amendments or supplements thereto, including the First Amended Complaint.

r.    "He," "his," "she," and "her" refer to both males and females, singular and plural.

s.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

t.    The relevant time period for each interrogatory shall be from the date Plaintiff first provided any services to Your Fare to the present, unless otherwise stated.

## REQUESTS FOR PRODUCTION

The following documents are requested:

**REQUEST FOR PRODUCTION NO. 1:** All documents, records, and communications regarding Plaintiff's job performance at Your Fare.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All communications from or to Christopher Monk regarding hiring Plaintiff as either a contractor or employee at Your Fare.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All communications to or from Christopher Monk regarding Plaintiff's strengths, weaknesses, growth, training, technical skills/knowledge, and/or job performance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All complaints or communications regarding Plaintiff's job performance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All documents, communications, notes, calendar entries (electronic or otherwise), meeting records (including 1:1s), or other memoranda regarding Christopher Monk's communications (oral or written) regarding Plaintiff's job performance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All handbooks, rules and policies of Your Fare regarding discrimination or disparate treatment of employees.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All communications, records, memoranda or documents regarding any investigation related to, concerning, or involving Plaintiff's claims of unequal treatment regarding her compensation at Your Fare.

ATTACHMENT 1-B to EXHIBIT 1

**REQUEST FOR PRODUCTION NO. 8:**  All communications, training materials or memoranda provided by Your Fare to its employees regarding discrimination or disparate treatment.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9:**  All documents, correspondence, notes, meeting minutes, and memoranda, regarding Defendants' decision to terminate Plaintiff.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10:**  Provide the complete personnel file of Plaintiff (your response should include all personnel records, evaluations, commendations, rewards, congratulations, honors, written performance evaluations and all drafts thereof, referring or related to Plaintiff's employment with Your Fare, including all emails, text messages, instant messages, chat room conversations, and other communications describing or commenting upon – whether positively or negatively – Plaintiff's job performance).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11:**  Provide the complete personnel file of Christopher Monk (your response should include all personnel records, evaluations, commendations, rewards, congratulations, honors, written performance evaluations and all drafts thereof, referring or related to Mr. Monk's employment with Your Fare, including all emails, text messages, instant messages, chat room conversations, and other communications describing or commenting upon – whether positively or negatively – Mr. Monk's job performance).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12:**  Provide the complete personnel file of Cory Elich.(your response should include all personnel records, evaluations, commendations, rewards, congratulations, honors, written performance evaluations and all drafts thereof, referring or related to Mr. Elich's employment with Your Fare, including all emails, text messages, instant messages, chat room conversations, and other communications describing or commenting upon – whether positively or negatively – Mr. Elich's job performance).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13:**  Provide the complete personnel file of Corey Brooks  (your response should include all personnel records, evaluations, commendations,

Plaintiff's First RFPs                                    Page **9** of **19**

rewards, congratulations, honors, written performance evaluations and all drafts thereof, referring or related to Mr. Brook's employment with Your Fare, including all emails, text messages, instant messages, chat room conversations, and other communications describing or commenting upon – whether positively or negatively – Mr. Brook's job performance)..

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 14:**  Provide all documents including all written statements that Defendants believe constitute evidence of an admission or statement against interest by Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**  Provide all written statements and all emails made by any potential witness including Plaintiff, and/or by any person identified by either party as a person with knowledge in this litigation relating to any issue in this litigation or the claims in question.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 16:**  Provide all correspondence, notes, documents, and memoranda regarding any retaliatory actions taken by Defendants as a result of Plaintiff's actions.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 17:**  Provide the most current resume or *curriculum vitae* of any individual that Defendants expect will be a testifying expert witness, or a consulting expert witness whose opinions will be relied upon by a testifying expert witness.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 18:**  Provide all reports or documents that were prepared by or relied on by any expert witness whom Defendants have hired to testify relating to any allegation at issue in this lawsuit or by a consulting witness whose opinions, impressions and/or conclusions were reviewed by any of its testifying experts.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 19:**  Provide copies of the pages of any published treatises, periodicals or pamphlets on the subject or area of expertise involved in this lawsuit from which any of your witnesses intends to read statements into evidence or which an expert

you may call as a witness recognizes as reliable authority (in identifying and listing the published treatises, periodicals or pamphlets, please state the title, volume and page number, author and the statement or portion which you intend to read into evidence, if a predicate is satisfactorily established).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 20:**  Provide a copy of any and all insurance policies, denial letters, and other correspondence with insurance companies that Defendants have inquired with regarding any of the claims of the Plaintiff and provide any non-privileged internal communications regarding such insurance policies or potential claims under such insurance policies.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21:**  Provide all exhibits, demonstrative and documentary, which will be offered into the record at trial by Defendants.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 22:**  If as to any Request for Production Defendants have asserted attorney-client, work product, or investigative privilege, identify all documents withheld under claim of privilege, provide a privilege report including provision of the information requested in the instructions to these Requests.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 23:**  All witnesses statements, whether signed or unsigned, or recordings which directly or indirectly relate to the subject matter of this lawsuit or any of the specific factual allegations that underlie your claims or defenses, including but not limited to any statements provided by any current or former employee of the Defendants, or any third party.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 24:**  All tape recordings (whether video or audio) and transcriptions thereof that are in your attorney's possession, custody or control pertaining, directly or indirectly, to the claims or defenses you have made in your pleadings.

**RESPONSE:**


Plaintiff's First RFPs                                                                Page **11** of **19**

**REQUEST FOR PRODUCTION NO. 25:**  Any and all documents used, relied upon, identified or referred to by you in answering any interrogatories propounded by Plaintiff.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 26:**  Provide all documents regarding or indicating the job positions and duties performed by Plaintiff for Your Fare in the three years prior to the last date of Plaintiff's employment with Your Fare.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 27:**  Provide all documents reflecting Plaintiff's compensation and benefits, including all bonuses, cash awards, commissions, prizes, stock options, stock shares, and other awards paid to Plaintiff in the three years prior to the last date of Plaintiff's employment with Your Fare.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 28:**  Provide all written statements and all non-privileged emails regarding Plaintiff's termination.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 29:**  All text messages between Christopher Monk and Plaintiff.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 30:**  All annual performance reviews and ratings for each member of Plaintiff's team for each year that Plaintiff was employed at Your Fare.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 31:**  Organizational charts or other documentation regarding or demonstrating the staffing of employees and contractors during each year (or partial year) of Plaintiff's employment with Your Fare.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**  Documents, communications, and records regarding the issuance and granting of all stock options for employees during the period of Plaintiff's employment at Your Fare.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 33:**  Provide the most current resume or *curriculum vitae* of Christopher Monk.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 34:**  Provide the most current resume or *curriculum vitae* of Cory Elich.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 35:**  Provide the most current resume or *curriculum vitae* of Corey Brooks.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 36:**  Provide the documents, data compilations, and tangible things identified in Defendants' Initial Disclosures to Plaintiff.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 37:**  Provide the documents, data compilations, and tangible things that formed any part of the support for the assertions in Defendant Your Fare, Inc.'s Position Statement to the EEOC in connection with Plaintiff's Charge of Discrimination filed in this case.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 38:**  Provide the documents and correspondence you sent to or received from the EEOC in connection with Plaintiff's Charge of Discrimination filed in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.39:**  Provide all documents reflecting all compensation and benefits, including all bonuses, cash awards, commissions, prizes, stock options, stock shares, and other awards paid to Christopher Monk in the three years prior to the last date of Plaintiff's employment with Your Fare.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO.40:**  Provide all documents reflecting all compensation and benefits, including all bonuses, cash awards, commissions, prizes, stock options, stock shares, and other awards paid to Cory Elich in the three years prior to the last date of Plaintiff's employment with Your Fare.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO.41:**  Provide all documents reflecting all compensation and benefits, including all bonuses, cash awards, commissions, prizes, stock options, stock shares, and other awards paid to Corey Brooks in the three years prior to the last date of Plaintiff's employment with Your Fare.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO.42:**  Provide the documents that provide a factual basis for your "First Defense" contained in the Additional Defenses section of Defendants' Answer to Plaintiff's Original Complaint.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO.43:**  Provide the documents that provide a factual basis for your "Third Defense" contained in the Additional Defenses section of Defendants' Answer to Plaintiff's Original Complaint.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO.44:**  Provide all documents reflecting the number of stock options of Defendant Your Fare issued or granted to Christopher Monk, and the current value of such options.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.45:**  Provide all documents reflecting the number of shares of stock of Defendant Your Fare issued or granted to Christopher Monk, and the current value of such shares.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.46:**  Provide all documents reflecting the number of stock options of Defendant Your Fare issued or granted to Cory Elich, and the current value of such options.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.47:**  Provide all documents reflecting the number of shares of stock of Defendant Your Fare issued or granted to Cory Elich, and the current value of such shares.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.48:**  Provide all documents reflecting the number of stock options of Defendant Your Fare issued or granted to Corey Brooks, and the current value of such options.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.49:**  Provide all documents reflecting the number of shares of stock of Defendant Your Fare issued or granted to Corey Brooks, and the current value of such shares.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.50:**  Provide all documents reflecting the number of stock options of Defendant Your Fare issued or granted to Plaintiff, and the current value of such options.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.51:**  Provide all documents reflecting the number of shares of stock of Defendant Your Fare issued or granted to Plaintiff, and the current value of such shares.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.52:** Provide all documents reflecting the date in which Defendant Your Fare first began providing group health benefits to any employee of Defendant Your Fare.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.53:** Provide all documents reflecting the date in which Defendant Your Fare first began providing group health benefits to any employee of Defendant Your Fare.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.54:** Provide all documents reflecting Plaintiff's services, compensation and benefits as an "unpaid intern" as asserted in Defendant Your Fare's Position Statement to the EEOC in connection with Plaintiff's Charge of Discrimination filed in this case

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.55:** Provide all documents reflecting Plaintiff's services, compensation and benefits as a "1099 contractor" as asserted in Defendant Your Fare's Position Statement to the EEOC in connection with Plaintiff's Charge of Discrimination filed in this case

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.56:** Provide all documents reflecting the hiring of Plaintiff "as an employee on September 5, 2019" as asserted in Defendant Your Fare's Position Statement to the EEOC in connection with Plaintiff's Charge of Discrimination filed in this case

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.57:** Provide all documents reflecting the factual bases for Plaintiff being "terminated for cause in July 2020" as asserted in Defendant Your Fare's Position Statement to the EEOC in connection with Plaintiff's Charge of Discrimination filed in this case

**RESPONSE:**

ATTACHMENT 1-B to EXHIBIT 1

**REQUEST FOR PRODUCTION NO.57:**  Provide all documents reflecting the actions taken by Defendants to find Plaintiff "another suitable role within the company" during the six months prior to July 2020 as asserted in Defendant Your Fare's Position Statement to the EEOC in connection with Plaintiff's Charge of Discrimination filed in this case

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.57:**  Provide all documents reflecting the factual bases for Plaintiff refusing "to make 'cold calls'" as asserted in Defendant Your Fare's Position Statement to the EEOC in connection with Plaintiff's Charge of Discrimination filed in this case

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.58:**  Provide all documents reflecting all compensation and benefits, including all bonuses, cash awards, commissions, prizes, stock options, stock shares, and other awards paid to Justin Gill by Defendant Your Fare.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.59:**  Provide all documents reflecting the number of stock options of Defendant Your Fare issued or granted to Justin Gill, and the current value of such options.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.60:**  Provide all documents reflecting the number of stock shares of Defendant Your Fare issued or granted to Justin Gill, and the current value of such shares.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:**  Provide the most current resume or *curriculum vitae* of Justin Gill.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.62:**  Provide all documents reflecting all compensation and benefits, including all bonuses, cash awards, commissions, prizes, stock options, stock shares, and other awards paid by Defendant Your Fare to the three female employees of Your

Fare as asserted in Defendant Your Fare's Position Statement to the EEOC in connection with Plaintiff's Charge of Discrimination filed in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.63:**  Provide all documents reflecting the number of stock options of Defendant Your Fare issued or granted to each of the three female employees of Defendant Your Fare as asserted in Defendant Your Fare's Position Statement to the EEOC in connection with Plaintiff's Charge of Discrimination filed in this case, and the current value of such options.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.64:**  Provide all documents reflecting the number of stock shares of Defendant Your Fare issued or granted to each of the three female employees of Defendant Your Fare as asserted in Defendant Your Fare's Position Statement to the EEOC in connection with Plaintiff's Charge of Discrimination filed in this case, and the current value of such shares

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:**  Provide the most current resumes or *curriculum vitaes* of each of the three female employees of Defendant Your Fare as asserted in Defendant Your Fare's Position Statement to the EEOC in connection with Plaintiff's Charge of Discrimination filed in this case.
.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.66:**  Provide all documents reflecting all compensation and benefits, including all bonuses, cash awards, commissions, prizes, stock options, stock shares, and other awards paid by Defendant Your Fare to each of the seventeen male employees of Defendant Your Fare as asserted in Defendant Your Fare's Position Statement to the EEOC in connection with Plaintiff's Charge of Discrimination filed in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.67:**  Provide all documents reflecting the number of stock options of Defendant Your Fare issued or granted to each of the seventeen male employees of Defendant Your Fare as asserted in Defendant Your Fare's Position Statement to the EEOC in connection with Plaintiff's Charge of Discrimination filed in this case, and the current value of such options.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.68:** Provide all documents reflecting the number of stock shares of Defendant Your Fare issued or granted to each of the seventeen male employees of Defendant Your Fare as asserted in Defendant Your Fare's Position Statement to the EEOC in connection with Plaintiff's Charge of Discrimination filed in this case, and the current value of such shares

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:** Provide the most current resumes or *curriculum vitaes* of each of the seventeen male employees of Defendant Your Fare as asserted in Defendant Your Fare's Position Statement to the EEOC in connection with Plaintiff's Charge of Discrimination filed in this case.
.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO.70:** Provide all documents reflecting all subjects discussed during weekly "Founders Calls" during the time that Plaintiff provided services to Defendant Your Fare as either an employee or contractor as asserted in Defendant Your Fare, Inc.'s Position Statement to the EEOC in connection with Plaintiff's Charge of Discrimination filed in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.71:** Provide all documents reflecting all funds of Defendant Your Fare expended to pay for any furniture, decorations, furnishings, appliances, or renovations to any personal residence of Jordan Schroeder.

**RESPONSE:**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **MEGHAN McNAMARA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. 1:21-cv-00140-LY** |
| **YOUR FARE, INC., and** | § | |
| **CHRISTOPHER MONK,** | § | |
| **Defendants.** | § | |

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANTS YOUR FARE, INC. AND CHRISTOPHER MONK

TO:     Defendants Your Fare, Inc. and Christopher Monk, by and through their attorneys of record, John E. Duke, CONSTANGY, BROOKS, SMITH & PROPHETE, LLP, 8911 N. Capital of Texas Highway, Bldg. 3, Suite 3350, Austin, Texas 78759, jduke@constangy.com

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Meghan McNamara ("Plaintiff" or "Ms. McNamara"), requests that Defendant Your Fare, Inc. ("Your Fare") and Defendant Christopher Monk ("Monk") (collectively referred to herein as "Defendants") answer separately and fully, in writing, these Interrogatories, within thirty (30) days after service of the Interrogatories.

ATTACHMENT 1-B to EXHIBIT 1

Respectfully submitted,

By: */s/ Edward M. "Ted" Smith*

Edward M. "Ted" Smith
State Bar No. 00791682
tsmith@cornellsmith.com
Sarah E. Lancaster
State Bar No. 24092663
slancaster@cornellsmith.com

**CORNELL SMITH MIERL
BRUTOCAO BURTON, LLP**
1607 West Avenue
Austin, Texas 78701
Telephone: (512) 328-1540
Telecopy: (512) 328-1541

**ATTORNEYS FOR PLAINTIFF
MEGHAN McNAMARA**

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2021, I served the following counsel of record a true and correct copy of the foregoing via electronic mail:

John E. Duke
jduke@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
8911 N. Capital of Texas Highway
Bldg. 3, Suite 3350
Austin, Texas 78759
Tel: (512) 382-8797
Fax: (512) 382-8801

**ATTORNEY FOR DEFENDANTS**

By: */s/ Edward M. "Ted" Smith*

ATTACHMENT 1-B to EXHIBIT 1

## AMBIGUITIES

If you allege that any request for discovery contained herein is, in any manner, ambiguous, you are instructed to describe in detail the reasons for your allegations that the request is ambiguous including, but not limited to, each interpretation to which you allege the specific request for discovery is subject.  Further, you are instructed to respond, to the best of your ability, to Plaintiff's discovery request(s) as to each interpretation which you allege may be given to the discovery request in question.

## OBJECTIONS

If you object to any of the discovery requests contained herein, you are instructed to identify, with specificity, the procedural rule(s) or substantive law(s) upon which you base your objection, and the extent to which you withheld production of documents, if any, upon the basis of any given objection.  If, for reasons other than a claim of privilege or objection, you refuse to produce any documents described herein, please state the grounds upon which refusal is based, and the nature of the documents not produced, with sufficient specificity to permit a determination of the propriety of such refusal.

## DEFINITIONS

The full text of the definitions and rules of construction set forth in this section is deemed incorporated by reference into all discovery requests, but shall not preclude (i) the definition of other terms specific to the particular litigation, (ii) the use of abbreviations, or (iii) a more narrow definition of a term defined in this section.  This Rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.  The following definitions apply to all discovery requests:

a.    The terms "Plaintiff" and "Ms. McNamara" shall refer to Ms. Meghan McNamara, the Plaintiff in this lawsuit.

b.    The term "Your Fare" refers to Your Fare, Inc., Defendant in this lawsuit, and includes any of the former or present representatives, agents, employees, attorneys, accountants, counsel, consultants, and any other person acting or purporting to act on its behalf.

c.    The term "Monk" refers to Christopher Monk, Defendant in this lawsuit, and includes any of the former or present representatives, agents, employees, attorneys, accountants, counsel, consultants, and any other person acting or purporting to act on his behalf.

d.    The term "Defendants," "you," and "your" refer to Your Fare, Inc. and Christopher Monk, Defendants in this lawsuit, and include any of the former or present representatives, agents, employees, attorneys, accountants, counsel, consultants, and any other person acting or purporting to act on their behalf.

e.    Person.  The term "person(s)" is defined as any natural person, business, legal or governmental entity, company or association.

Plaintiff's First Interrogatories                                    Page **3** of **6**

f.    <u>Concerning</u>.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

g.    The terms "relating," "regarding," and "reflecting" shall mean constituting, reflecting, respecting, supporting, contradicting, concerning, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating or relevant to, and/or having any logical or factual connection with the subject matter of the request or inquiry.

h.    "Complaint" or "lawsuit" refers to the Original Complaint/Lawsuit styled *Meghan McNamara v. Your Fare, Inc., et al*, filed in the United States District Court for the Western District of Texas, Cause No. 1:21-CV-00140-LY, all claims and statements therein, and any amendments or supplements thereto.

i.    "He," "his," "she," and "her" refer to both males and females, singular and plural.

j.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

k.    The relevant time period for each request shall be from the date Plaintiff first provided any services to Your Fare to the present, unless otherwise stated.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Fully identify by name and title the person/s (whether employed by Your Fare or not) that made the decision, were consulted regarding the decision, contributed to the decision, or have personal knowledge of the reason behind such decision to terminate Ms. McNamara.

**ANSWER:**

**INTERROGATORY NO. 2:** For each individual listed in your answer to Interrogatory No. 1 describe their role in making the decision referenced in Interrogatory No. 1, including but not limited to: the information provided by each such person; the role of each person in making the decision, and their recommendation regarding termination; who made the final decision, the date the decision was made; and what it was decided Ms. McNamara would be told were the grounds for the termination and/or separation.

**ANSWER:**

**INTERROGATORY NO. 3:**  Fully identify and describe each and every reason for the termination and/or separation of employment of Ms. McNamara from Your Fare.

**ANSWER:**

**INTERROGATORY NO. 4:**  For each affirmative defense identified or that will be identified in any Answer or Amended Answer filed by Defendants, fully describe all facts and legal theories or contentions that support such affirmative defense.

**ANSWER:**

**INTERROGATORY NO. 5:**  Please identify each and every individual who you believe has or claims to have any knowledge or information regarding the claims alleged in Plaintiff's Complaint or the statements, contentions, factual statements, or affirmative defenses contained in Defendants' Answer, or who you intend to rely upon or call as a witness in this case.  For each individual identified, state the nature of the individual's knowledge or information and the individual's last known home address and telephone number.

**ANSWER:**

**INTERROGATORY NO. 6:**  Identify the job positions Ms. McNamara held while employed by Your Fare, including the start and end date, rate of pay, and supervisor's name for each position

Plaintiff's First Interrogatories                                                                          Page **5** of **6**

ATTACHMENT 1-B to EXHIBIT 1

held by Ms. McNamara.

**ANSWER:**


**INTERROGATORY NO. 7:** State the name, address, telephone number, and relationship to Defendants of each person who prepared or assisted in the preparation of the responses to these interrogatories.

**ANSWER:**

ATTACHMENT 1-B to EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MEGHAN McNAMARA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. 1:21-cv-00140-LY** |
| **YOUR FARE, INC., and** | § | |
| **CHRISTOPHER MONK,** | § | |
| **Defendants.** | § | |

## PLAINTIFF'S INITIAL DISCLOSURES

TO:    Defendants Your Fare, Inc. and Christopher Monk, by and through their attorneys of record, John E. Duke, CONSTANGY, BROOKS, SMITH & PROPHETE, LLP, 8911 N. Capital of Texas Highway, Bldg. 3, Suite 3350, Austin, Texas 78759, jduke@constangy.com

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff Meghan McNamara ("Plaintiff" or "Ms. McNamara"), hereby submits her Initial Disclosures. The responses set forth herein constitute the best information presently available to Plaintiff.  However, Plaintiff has not completed her investigation of the facts underlying this lawsuit, nor has she completed discovery or preparation of this case for trial.  Accordingly, these responses are provided without prejudice to Plaintiff's right to timely supplement said responses if and when additional information becomes available.

*A.    The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:*

**Meghan McNamara**
c/o Edward M. "Ted" Smith
Sarah Lancaster
CORNELL SMITH MIERL BRUTOCAO BURTON, LLP
1607 West Avenue
Austin, Texas 78701
Tel:  512-328-1540

Plaintiff's Initial Disclosures

Ms. McNamara is the Plaintiff and has knowledge of her allegations in this suit and her claim for damages.

**Edward M. "Ted" Smith**
CORNELL SMITH MIERL BRUTOCAO BURTON, LLP
1607 West Avenue
Austin, Texas 78701
Tel:  512-328-1540

Mr. Smith is lead counsel for Plaintiff and has knowledge of the reasonable and necessary attorneys' fees, costs and expenses incurred by Plaintiff in prosecuting this matter.

**Christopher Monk**
c/o John E. Duke
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
8911 N. Capital of Texas Highway
Bldg. 3, Suite 3350
Austin, Texas 78759
Tel: (512) 382-8797

Mr. Monk is an individual Defendant in this suit, and has knowledge regarding Ms. McNamara's employment, compensation, termination, and unlawful and discriminatory treatment of Ms. McNamara by Defendants.

**James Smith**
(530) 258-9256

Mr. Smith was a member of Defendant Your Fare, Inc.'s Board of Directors during Ms. McNamara's employment and has knowledge regarding Defendants' policies, procedures and decisions regarding employee compensation and benefits (including stock and options).

**David Monk**
(949) 257-5255

Mr. Monk was a member of Defendant Your Fare, Inc.'s Board of Directors during Ms. McNamara's employment and has knowledge regarding Defendants' policies, procedures and decisions regarding employee compensation and benefits (including stock and options).

ATTACHMENT 1-B to EXHIBIT 1

**Scott Frost**

(702) 523-1208

Mr. Frost was an advisor of Defendant Your Fare, Inc. during Ms. McNamara's employment and has knowledge regarding Defendants' policies, procedures and decisions regarding employee compensation and benefits (including stock and options).

**Kevin King**

Texas Halo Fund

2726 Bissonnet St #240-425

Houston, Texas 77005

(713) 465-5100

Mr. King is a member of Defendant Your Fare, Inc.'s Board of Directors and has knowledge regarding Defendants' policies, procedures and decisions regarding employee compensation and benefits (including stock and options).

**Creed Ford**

TC4 & Co.

3555 RR 620 S.

Austin, Texas 78734

(512) 263-3473

Mr. Ford is a member of Defendant Your Fare, Inc.'s Board of Directors and has knowledge regarding Defendants' policies, procedures and decisions regarding employee compensation and benefits (including stock and options).

**Cory Elich**

701 Brazos Street, Suite 1600

Austin, Texas 78701

(415) 312-0735

Mr. Elich is a current employee of Defendant Your Fare, Inc., and has knowledge of the required skill, effort and responsibilities of his job; his experience and qualifications for the job; and the compensation and benefits (including stock and options) paid to him by Defendant Your Fare, Inc.

**Corey Brooks**
701 Brazos Street, Suite 1600
Austin, Texas 78701
(415) 312-0735

Mr. Brooks is a current employee of Defendant Your Fare, Inc., and has knowledge of the required skill, effort and responsibilities of his job; his experience and qualifications for the job; and the compensation and benefits (including stock and options) paid to him by Defendant Your Fare, Inc.

**Marion James**
650-732-0266

Ms. James is a former employee of Defendant Your Fare, Inc., and has knowledge of Ms. McNamara's employment, and Defendants' unlawful and discriminatory treatment of Ms. McNamara and others.

**Stevie Sienkiel**
512-508-3817

Ms. Sienkiel is a former employee of Defendant Your Fare, Inc., and has knowledge of Ms. McNamara's employment, and Defendants' unlawful and discriminatory treatment of Ms. McNamara and others.

**Austin Gauss**
713-471-2405

Mr. Gauss is a former employee of Defendant Your Fare, Inc., and has knowledge of Ms. McNamara's employment, and Defendants' unlawful and discriminatory treatment of Plaintiff and others.

**Melissa Discepolo**
803-553-5373

Ms. Discepolo has knowledge of Defendants' unlawful and discriminatory treatment of Ms. McNamara and others.

**Joosef Bendandi**
737-228-8087

Mr. Bendandi has knowledge of Defendants' unlawful and discriminatory treatment of Ms. McNamara and others.

Plaintiff's Initial Disclosures                                              Page **4** of **7**

**Kayla Dukette**
254-405-1903

Ms. Dukette has knowledge of Ms. McNamara's employment, and Defendants' unlawful and discriminatory treatment of Ms. McNamara and others.

**Jordan Schroeder**
561-445-4357

Ms. Schroeder has knowledge of various benefits, compensation and expenses that Defendant Christopher Monk received from Defendant Your Fare, Inc., that Ms. McNamara and other employees of Defendant Your Fare, Inc. did not receive.

**Allison McNamara**
949-812-1418

Ms. McNamara is the sister of Plaintiff Meghan McNamara and has knowledge of Defendants' unlawful and discriminatory treatment of Plaintiff, as well as the effects that it had on Plaintiff.

**Christopher McAllister**
651-278-7713

Mr. McAllister is a former employee of Defendant Your Fare, Inc. and has knowledge of Ms. McNamara's employment, and Defendants' unlawful and discriminatory treatment of Ms. McNamara and others.

B.      *A copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:*

Plaintiff has in her possession the following categories of documents:

- Documents and emails relating to Plaintiff's employment and termination
- Documents regarding compensation and benefits paid to Plaintiff by Defendants
- Documents and emails regarding stock and options issued to Plaintiff by Defendants

In addition, Plaintiff incorporates into this disclosure any documents identified in Defendants' Initial Disclosures.

Plaintiff's Initial Disclosures                                                      Page **5** of **7**

C.    *A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:*

As a result of Defendants' unlawful conduct, Plaintiff has suffered actual and consequential damages, including lost compensation, wages, earnings, back pay, benefits, lost vacation pay, bonus compensation, equity options/shares, and appropriate stock compensation; past and future economic damages, including loss of future earning capacity, loss of reputation, and damage to future job prospects; and damages for mental anguish, emotional distress and humiliation, past and future, suffered by Plaintiff or which will be suffered by Plaintiff.

Plaintiff further seeks liquidated damages and punitive damages.

Plaintiff also seeks all reasonable and necessary attorneys' fees in this case from Defendants, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally seeks expert fees and all costs associated with the prosecution of this action.

Plaintiff has not completed her investigation of the facts underlying this lawsuit, nor has she completed discovery or preparation of this case for trial, and therefore Plaintiff will supplement this response with computations as to all damages, costs and fees sought.

D.    *For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

N/A

Respectfully submitted,

By: */s/ Edward M. "Ted" Smith*      

Edward M. "Ted" Smith
State Bar No. 00791682
tsmith@cornellsmith.com
Sarah E. Lancaster
State Bar No. 24092663
slancaster@cornellsmith.com

**CORNELL SMITH MIERL
BRUTOCAO BURTON, LLP**
1607 West Avenue
Austin, Texas 78701
Telephone: (512) 328-1540
Telecopy: (512) 328-1541

**ATTORNEYS FOR PLAINTIFF
MEGHAN McNAMARA**

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2021, I served the following counsel of record a true and

correct copy of the foregoing via electronic mail:

John E. Duke
jduke@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
8911 N. Capital of Texas Highway
Bldg. 3, Suite 3350
Austin, Texas 78759
Tel: (512) 382-8797
Fax: (512) 382-8801

**ATTORNEY FOR DEFENDANTS**

By: */s/ Edward M. "Ted" Smith*      

**ATTACHMENT 1-B to EXHIBIT 1**

| | |
|---|---|
| **From:** | Ted Smith |
| **Sent:** | Friday, June 18, 2021 4:55 PM |
| **To:** | jduke@constangy.com |
| **Subject:** | FW: McNamara v. Your Fare, Inc., et al |
| **Attachments:** | 2021 06 15 P's 1st RFas to Ds.pdf; 2021 06 15 P's 1st RFPs to Ds.pdf; 2021 06 15 P's 1st ROGS to Ds.pdf; 2021 06 15 P's Initial Disclosures.pdf |

John:

Could you please confirm receipt of my email on Tuesday and the attachments?

Also – I have not received Defendants' Initial Disclosures, which we agreed were due on June 15.

Thanks,

Ted Smith
Cornell Smith Mierl Brutocao Burton, LLP
(512) 334-2246 (Direct)

---

**From:** Ted Smith
**Sent:** Tuesday, June 15, 2021 5:45 PM
**To:** jduke@constangy.com
**Subject:** McNamara v. Your Fare, Inc., et al

John:

Attached please find the following:

1. Plaintiff's Initial Disclosures
2. Plaintiff's First Requests for Admissions to Defendant Your Fare
3. Plaintiff's First Interrogatories to Defendants
4. Plaintiff's First Requests for Production of Documents to Defendants

Please confirm receipt and let me know if you have any difficulties downloading the attachments.

Thanks,

Ted

**Ted Smith**
Attorney


Labor and Employment Law



1607 West Avenue
Austin, Texas 78701
Main: 512.328.1540
Direct: 512.334.2246
cornellsmith.com

MAIL NOTICE - This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or otherwise (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message.

| | |
|---|---|
| **From:** | Ted Smith |
| **Sent:** | Monday, June 21, 2021 11:38 AM |
| **To:** | John Duke (jduke@constangy.com) |
| **Subject:** | FW: McNamara v. Your Fare, Inc., et al |
| **Attachments:** | 2021 06 15 P's 1st RFas to Ds.pdf; 2021 06 15 P's 1st RFPs to Ds.pdf; 2021 06 15 P's 1st ROGS to Ds.pdf; 2021 06 15 P's Initial Disclosures.pdf |

John:

Thank you for your voicemail this morning.

My sincere condolences to you and your family regarding the passing of your brother-in-law.

I will keep an eye out for your Disclosures when you are able to send them.

Best,

Ted Smith
Cornell Smith Mierl Brutocao Burton, LLP
(512) 334-2246 (Direct)

**From:** Ted Smith
**Sent:** Friday, June 18, 2021 4:55 PM
**To:** jduke@constangy.com
**Subject:** FW: McNamara v. Your Fare, Inc., et al

John:

Could you please confirm receipt of my email on Tuesday and the attachments?

Also – I have not received Defendants' Initial Disclosures, which we agreed were due on June 15.

Thanks,

Ted Smith
Cornell Smith Mierl Brutocao Burton, LLP
(512) 334-2246 (Direct)

**From:** Ted Smith
**Sent:** Tuesday, June 15, 2021 5:45 PM
**To:** jduke@constangy.com
**Subject:** McNamara v. Your Fare, Inc., et al

John:

Attached please find the following:

1. Plaintiff's Initial Disclosures
2. Plaintiff's First Requests for Admissions to Defendant Your Fare

**ATTACHMENT 1-D to EXHIBIT 1**

3. Plaintiff's First Interrogatories to Defendants
4. Plaintiff's First Requests for Production of Documents to Defendants

Please confirm receipt and let me know if you have any difficulties downloading the attachments.

Thanks,

Ted

**Ted Smith**
Attorney


Labor and Employment Law



1607 West Avenue
Austin, Texas 78701
Main: 512.328.1540
Direct: 512.334.2246
cornellsmith.com

MAIL NOTICE - This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or otherwise (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message.

**ATTACHMENT 1-D to EXHIBIT 1**

| | |
|---|---|
| **From:** | Ted Smith |
| **Sent:** | Wednesday, July 14, 2021 2:30 PM |
| **To:** | Duke, John E. |
| **Subject:** | RE: McNamara v Your Fare |

Thanks

Ted Smith
Cornell Smith Mierl Brutocao Burton, LLP
(512) 334-2246 (Direct)

---

**From:** Duke, John E. <jduke@constangy.com>
**Sent:** Wednesday, July 14, 2021 2:16 PM
**To:** Ted Smith <tsmith@cornellsmith.com>
**Subject:** RE: McNamara v Your Fare

Thank you, Ted.  I appreciate it.

I'll have our initial disclosures to you early next week.

---

**John E. Duke**
**Senior Counsel**

**Constangy, Brooks, Smith & Prophete, LLP**
Direct: 512.382.8797 • Direct Fax: 617.401.9495
E-mail: jduke@constangy.com •View Bio/VCard
8911 N. Capital of Texas Highway
Bldg 3, Suite 3350
Austin, TX 78759
Main: 512.382.8800
***

---

**From:** Ted Smith [mailto:tsmith@cornellsmith.com]
**Sent:** Wednesday, July 14, 2021 2:13 PM
**To:** Duke, John E. <jduke@constangy.com>
**Subject:** RE: McNamara v Your Fare

Hello John:

We can agree to a two-week extension.

However, I don't believe that I have received your Initial Disclosures yet, which were due on June 15.  Will you be sending those soon?

Thanks,

Ted Smith
Cornell Smith Mierl Brutocao Burton, LLP
(512) 334-2246 (Direct)

**From:** Duke, John E. <jduke@constangy.com>
**Sent:** Wednesday, July 14, 2021 1:33 PM
**To:** Ted Smith <tsmith@cornellsmith.com>
**Subject:** McNamara v Your Fare

Hi Ted,

Would you be so kind as to grant a two-week extension (until July 29) to serve responses to plaintiff's interrogatories, requests for admission, and requests for production?  I hope you're doing well.

Regards,
John

---

**John E. Duke**
**Senior Counsel**

Direct: 512.382.8797 • Direct Fax: 617.401.9495
E-mail: jduke@constangy.com •View Bio/VCard
8911 N. Capital of Texas Highway
Bldg 3, Suite 3350
Austin, TX 78759
Main: 512.382.8800



http://www.constangy.com

Alabama • Arkansas • California • Colorado • Florida • Georgia
Massachusetts • Minnesota • Missouri • New Jersey • New York
North Carolina • South Carolina • Tennessee • Texas • Virginia
***

| | |
|---|---|
| **From:** | Ted Smith |
| **Sent:** | Tuesday, August 3, 2021 3:07 PM |
| **To:** | jduke@constangy.com |
| **Subject:** | McNamara v. YourFare, et al |
| **Attachments:** | 2021 08 03 Ltr to J Duke re Overdue Discovery Responses.pdf |

John:

Please see the attached correspondence regarding that above-referenced case.

Sincerely,

**Ted Smith**
Attorney



Labor and Employment Law



1607 West Avenue
Austin, Texas 78701
Main: 512.328.1540
Direct: 512.334.2246
cornellsmith.com

MAIL NOTICE - This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or otherwise (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message.



Edward M. "Ted" Smith

512-334-2246

tsmith@cornellsmith.com

August 3, 2021

**<u>VIA ELECTRONIC MAIL</u>** (jduke@constangy.com)

John Duke
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
8911 N. Capital of Texas Highway, Bldg. 3
Suite 3350
Austin, Texas 78759

<div style="margin-left:2em">

Re:    *Meaghan McNamara v. YourFare, Inc., and Christopher Monk*, Case No. 1:21-cv-00140-LY, In the United States District Court for the Western District of Texas, Austin Division

</div>

Dear John:

On June 15, 2021, Plaintiff served Defendants YourFare, Inc. and Christopher Monk with Plaintiff's First Requests for Admissions to Defendant YourFare, Inc., Plaintiff's First Interrogatories to Defendants, and Plaintiff's First Requests for Production of Documents to Defendants. Accordingly, the 30-day deadline for Defendants to serve their responses and objections to Plaintiff's Requests was July 15, 2021.

On July 14, 2021, you requested a 14-day extension of the deadline for Defendants to serve their responses and objections to Plaintiff's Requests, such that they would be due on July 29, 2021. I agreed to this extension request via electronic mail.

Defendants failed to serve Plaintiff with any responses or objections to Plaintiff's Requests by July 29, 2021, and no responses or objections have been served on Plaintiff as of the date of this correspondence. Accordingly, Plaintiff's First Requests for Admissions are deemed admitted by Defendant YourFare, Inc., and Defendants have waived all objections to Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents.

Pursuant to Fed.R.Civ.P. 36(a)(3), if the responding party to a Request for Admissions does not timely serve answers or objections to the Request, the matters in the Request are admitted as a matter of law. Fed.R.Civ.P. 36(a)(3). Further, the requesting party does not need to request that the Court deem the matters admitted; they are admitted automatically. *Id*. Because Defendant YourFare, Inc. failed to timely serve answers or objections to Plaintiff's First Requests for Admissions, the requests are deemed admitted as a matter of law.

**ATTACHMENT 1-F to EXHIBIT 1**

August 3, 2021
Page 2

        With regard to Plaintiff's Requests for Interrogatories and Production of Documents, it is well-settled that objections to such discovery requests may be waived if not timely raised.  See, e.g., *Talley v. Spillar*, 2017 WL 9288622 (W.D.Tex. March 31, 2017), citing *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).  Under Rules 33(b) and 34(b) of the Federal Rules of Civil Procedure, a party must serve its answers and objections to interrogatories and requests for production within thirty days after being served with the requests, and untimely objections are waived unless the court, for good cause, excuses the failure.  *Id.*, at *3, citing Fed.R.Civ.P. 33(b)(4) and *Albiso v. Block*, 53 F3. 337 (9th Cir 1995); *Paralikas v. Mercedes Benz*, LLC, 2003 WL 111186 (E.D.N.Y. Jan. 9, 2008).  As set forth by U.S. Magistrate Judge Mark Lane in *Talley*, Courts have held that Rule 34 (the Federal Rule governing production requests) "implicitly incorporates both the waiver and 'good cause' provisions of Rule 33(b)(4)."  Id., at *4, citing *Doe v. District of Columbia*, 2005 WL 1787683 (D.D.C. 2005); *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999).  Accordingly, because Defendants failed to timely serve any documents, responses or objections in response to Plaintiff's First Interrogatories and First Requests for Production, Defendants have waived any objections to such Requests.

        In addition, Defendants have also failed to serve their Initial Disclosures that were due on June 15, 2021, pursuant to the parties' Discovery Plan and Rule 26 Report.  I have requested that Defendants serve these Initial Disclosures multiple times, and while I understand that you had an unexpected death in the family last month that caused an initial delay in responding, the disclosures are now nearly two months past due.

        Moreover, Defendants' failure to meet their discovery obligations is consistent with their overall failure to date to take this lawsuit and Plaintiff's claims seriously.  Accordingly, please be advised that if we do not receive Defendants' responses to Plaintiff's First Interrogatories and First Requests for Production of Documents (without any objections thereto) within seven (7) days of this correspondence, we will be required to file a Motion to Compel such responses with the Court and seek all appropriate attorneys' fees and sanctions.

                        Sincerely,

                        Edward M. "Ted" Smith

**ATTACHMENT 1-F to EXHIBIT 1**

| | |
|---|---|
| **From:** | Ted Smith |
| **Sent:** | Monday, August 16, 2021 4:04 PM |
| **To:** | Duke, John E. |
| **Subject:** | RE: McNamara v. YourFare, et al |

That will be fine.

Ted Smith
Cornell Smith Mierl Brutocao Burton, LLP
(512) 334-2246 (Direct)

**From:** Duke, John E. <jduke@constangy.com>
**Sent:** Monday, August 16, 2021 4:03 PM
**To:** Ted Smith <tsmith@cornellsmith.com>
**Subject:** RE: McNamara v. YourFare, et al

How about I call you at 4:45 tomorrow?

**John E. Duke**
**Senior Counsel**

Constangy, Brooks, Smith & Prophete, LLP
Direct: 512.382.8797 • Direct Fax: 617.401.9495
E-mail: jduke@constangy.com •View Bio/VCard
8911 N. Capital of Texas Highway
Bldg 3, Suite 3350
Austin, TX 78759
Main: 512.382.8800
\*\*\*

**From:** Ted Smith [mailto:tsmith@cornellsmith.com]
**Sent:** Monday, August 16, 2021 9:36 AM
**To:** Duke, John E. <jduke@constangy.com>
**Subject:** RE: McNamara v. YourFare, et al

John:

I can be available tomorrow from 1-3 pm and then again after 4:30 pm.

Let me know if any of these times will work for you.

Ted Smith
Cornell Smith Mierl Brutocao Burton, LLP
(512) 334-2246 (Direct)

**From:** Duke, John E. <jduke@constangy.com>
**Sent:** Monday, August 16, 2021 8:40 AM
**To:** Ted Smith <tsmith@cornellsmith.com>
**Subject:** RE: McNamara v. YourFare, et al

**ATTACHMENT 1-G to EXHIBIT 1**

Ted,

I was out on vacation the past two weeks.  Do you have time for a call tomorrow afternoon?

Regards,
John

---

**John E. Duke**
**Senior Counsel**

Constangy, Brooks, Smith & Prophete, LLP
Direct: 512.382.8797 • Direct Fax: 617.401.9495
E-mail: jduke@constangy.com •View Bio/VCard
8911 N. Capital of Texas Highway
Bldg 3, Suite 3350
Austin, TX 78759
Main: 512.382.8800
***

**From:** Ted Smith [mailto:tsmith@cornellsmith.com]
**Sent:** Friday, August 13, 2021 11:37 AM
**To:** Duke, John E. <jduke@constangy.com>
**Subject:** FW: McNamara v. YourFare, et al

John:

I just left you a voicemail message as I received no response to the attached letter that I sent to you on August 3, nor have I received your overdue discovery responses or Initial Disclosures.

I would like to try and talk with you directly regarding these important matters before I am forced to file a Motion to Compel and for Sanctions with the Court.

Please call me ASAP.

Thanks,

Ted Smith
Cornell Smith Mierl Brutocao Burton, LLP
(512) 334-2246 (Direct)

**From:** Ted Smith
**Sent:** Tuesday, August 3, 2021 3:07 PM
**To:** jduke@constangy.com
**Subject:** McNamara v. YourFare, et al

John:

Please see the attached correspondence regarding that above-referenced case.

Sincerely,

**Ted Smith**

**ATTACHMENT 1-G to EXHIBIT 1**

Attorney



Labor and Employment Law



1607 West Avenue
Austin, Texas 78701
Main: 512.328.1540
Direct: 512.334.2246
cornellsmith.com

MAIL NOTICE - This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or otherwise (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message.